# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| EXECUTIVE WORKSPACE, LLC, and PP2, LLC § § § | |
| v.  § | CIVIL ACTION NO. 3:25-CV-1445-S |
| § | |
| HARTFORD FIRE INSURANCE COMPANY and BRADLEY DAVIS TAYLOR § § § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiffs Executive Workspace, LLC, and PP2, LLC's Motion to Remand to State Court ("Motion") [ECF No. 10]. The Court has reviewed the Motion and Brief in Support, Defendants Hartford Fire Insurance Company and Bradley Davis Taylor's Response to the Motion ("Response") [ECF No. 13], Defendants' Brief in Support of the Response ("Defendants' Brief") [ECF No. 14], Plaintiffs' Reply to the Response and Brief in Support [ECF No. 15], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiffs sued Defendants in the 191st Judicial District Court of Dallas County, Texas, to recover damages under an insurance policy. *See* Pls.' Consolidated Original Pet. [ECF No. 1-5] 6-17. Plaintiff Executive Workspace, LLC, provides multi-tenant offices to small businesses. Pls.' Consolidated First Am. Pet. ("Amended Petition") [ECF No. 1-9] 3 ¶ 10. It appears that Executive Workspace provided such an office to Plaintiff PP2, LLC, a company that prints trading cards. *Id.*; *see also id.* at 4 ¶ 12 (stating that PP2's office was a "covered location[]" under Executive Workspace's insurance policy). Executive Workspace purchased a Special Multi-Flex Insurance

Policy ("Policy") from Defendant Hartford Fire Insurance Company. *Id.* at 4 ¶ 12. The Policy included business-interruption coverage for all covered locations, including PP2's office. *Id.*

To print trading cards, PP2 purchased Scodix Ultra 101 Digital Print Enhancement Press machines and Scodix Ultra 202 Digital Print Press machines. *Id.* at 3 ¶ 11. On or about August 16, 2023, two men burglarized PP2's office. *Id.* at 4 ¶ 13. The men stole a cargo van containing a box of components for the Scodix machines. *Id.* Without those components, PP2 could operate only one of its three Scodix machines. *Id.*

The day after the burglary, PP2 opened a claim with Hartford, seeking compensation under the Policy for the stolen items. *Id.* at 4 ¶ 14. PP2 communicated with Hartford "by and through" the assigned adjuster, Defendant Bradley Davis Taylor. *Id.* at 4 ¶ 15. Plaintiffs allege that, throughout the claim process, Hartford "ignored requests for updates" and "refused to engage in a meaningful discussion regarding the immeasurable losses suffered by" PP2. *Id.* at 6 ¶ 24. And Plaintiffs claim that Taylor misrepresented the Policy's coverage, refused to submit portions of the claim to Hartford, ignored PP2's requests, and "failed to conduct a reasonable investigation into each respective portion" of the claim. *Id.* at 6-7 ¶ 24.

Based on those allegations, Plaintiffs sued Hartford for breach of contract and violations of Chapter 542 of the Texas Insurance Code. *Id.* at 8-10 ¶¶ 30-37. Plaintiffs also asserted a cause of action against Taylor for violations of Chapter 542 of the Texas Insurance Code. *Id.* at 10 ¶¶ 38-42.

Defendants removed the case, asserting that the Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. *See* Am. Notice of Removal [ECF No. 6] ¶ 12. Defendants stated that Plaintiffs are both Texas citizens, *id.* ¶¶ 3-4, and that Hartford is a citizen of Connecticut, *id.* ¶ 6. Defendants conceded that, like Plaintiffs,

Taylor is a citizen of Texas, but they contend that Taylor is improperly joined. *Id.* ¶ 7. Plaintiffs moved to remand the case, asserting that complete diversity does not exist because Plaintiffs and Taylor are citizens of Texas. Mot. 2.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). Because removal raises significant federalism concerns, courts strictly construe the removal statute, and any doubt about the propriety of removal is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The two principal bases upon which a district court may exercise removal jurisdiction are the existence of a federal question, *see* 28 U.S.C. § 1331, and diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When, as here, a suit is removed on the basis of diversity, the removing party must establish that: (1) the amount in controversy exceeds $75,000 and (2) all parties on one side of the controversy are citizens of different states than all parties on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). Diversity of citizenship must exist at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). "To determine whether jurisdiction is present for removal,

[courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

### III. ANALYSIS

Defendants oppose remand, arguing that Taylor was improperly joined and thus that diversity jurisdiction exists between the proper parties to this lawsuit. *See* Defs.' Br. 2. The doctrine of improper joinder is "a 'narrow exception' to the rule of complete diversity." *Nerium Int'l, LLC v. Burdick*, No. 3:16-CV-3545-D, 2017 WL 7596914, at *2 (N.D. Tex. Jan. 6, 2017) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). If the removing party demonstrates that in-state defendants have been improperly joined, their presence in the case will not defeat jurisdiction. *See Smallwood*, 385 F.3d at 573. To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The removing party bears the "heavy" burden of demonstrating improper joinder. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

Defendants do not allege any fraud in the pleading of jurisdictional facts; therefore, to show improper joinder, they must show that Plaintiffs are unable to establish a cause of action against Taylor in state court. A plaintiff cannot establish a cause of action in state court where "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To determine whether a plaintiff has a reasonable basis of recovery under state law, the district court "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law

4

against the in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (stating that Fifth Circuit "precedent is clear" that "[a] federal court must apply the federal pleading standard" in deciding an improper-joinder issue). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

As stated above, Plaintiffs brought a single cause of action against Taylor: "Unfair Claim Settlement Practices: Statutory Violations of Texas Insurance Code § 542.003 et seq." Am. Pet. 10. But Chapter 542 of the Texas Insurance Code applies only to insurers. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014) (citing TEX. INS. CODE § 542.060(a)); *Lakeside FBBC, LP v. Everest Indem. Ins. Co.*, 612 F. Supp. 3d 667, 679 n.17 (W.D. Tex. Apr. 8, 2020). Taylor, an adjuster, is not an insurer. *See Panza v. Travelers Personal Ins. Co.*, No. 3:25-CV-1637-D, 2025 WL 2532676, at *5 (N.D. Tex. Sept. 3, 2025); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *4 (N.D. Tex. Oct. 4, 2016).

Plaintiffs attempt to circumvent that fault by arguing that, even though their claim against Taylor is expressly brought under Chapter 542, the Court should find that they pleaded violations of Section 541.060(a)(1) and (a)(2) instead. Mot. 7-8 ("Although Plaintiffs have not used the magic words 'Chapter 541' in their First Amended Petition . . . , Chapter 541 violations have been pled. . . ."). Plaintiffs provide no authorities supporting their position that the Court should look past the claim they actually asserted and instead consider causes of action they could have, but did not, assert. By recasting their Chapter 542 claims as Chapter 541 claims after removal, Plaintiffs are, in essence, attempting to amend their pleadings without leave to do so. Even if Plaintiffs moved to amend their pleading to bring claims under Chapter 541, those allegations do not satisfy the federal pleading standard and thus do not overcome Defendants' improper-joinder argument.

5

Plaintiffs' allegations are conclusory, *see, e.g.*, Am. Pet. ¶ 24 (alleging that "Taylor intentionally misrepresented the Policy's coverage"), and "merely track[] the statutory language," *Garza v. Travelers Lloyds of Tex. Ins. Co.*, No. 1:17-CV-020, 2017 WL 11897770, at *3 (S.D. Tex. May 19, 2017); *see* Am. Pet. ¶ 40.

Further, Plaintiffs contend that Defendants "ratified" their purported Chapter 541 claims by asking for attorney's fees under Section 541.153 of the Texas Insurance Code, "which only applies to claims brought . . . under Chapter 541." Mot. 8. According to Plaintiffs, Defendants' actions demonstrate that they have a "good faith belief" that Plaintiffs sued under Chapter 541 and amount to a judicial admission that Plaintiffs brought such claims against Taylor. *Id.* at 9. As to the former argument, Plaintiffs provide no legal theory pursuant to which a defendant's "belief" about a plaintiff's cause of action governs the improper joinder analysis. As to the latter, a judicial admission withdraws "a *fact* from contention." *Blankenship v. Buenger*, 653 F. App'x 330, 336 (5th Cir. 2016) (quoting *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)). Whether Plaintiffs asserted a claim under Chapter 541 or 542 is not a fact that can be judicially admitted.

Taylor was improperly joined, and his presence in the case does not defeat diversity jurisdiction. The Court's authority to consider its jurisdiction permits it not only to deny remand but also to "dismiss the party that has been improperly joined." *Int'l Energy Ventures*, 818 F.3d at 209. Such dismissal "must be *without* prejudice." *Wright v. ANR Pipeline Co.*, 652 F. App'x 268, 271 (5th Cir. 2016) (citation omitted). Accordingly, the Court will dismiss Taylor from this lawsuit without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand to State Court [ECF No. 10]. Additionally, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant Bradley Davis Taylor.

**SO ORDERED.**

SIGNED November 19, 2025.

                                                            KAREN GREN SCHOLER
                                                            UNITED STATES DISTRICT JUDGE